[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO DISMISS DATED SEPTEMBER 29, 1992
The plaintiff Daniel Goulette filed a motion to modify dated July 10, 1992 and the defendant Eleanor Goulette filed a motion for contempt. Both these motions were heard and decided by Family Support Magistrate Deborah Kochiss Frankel on July 13, 1992. (See court file and notation to plaintiff's motion.) The order referred to in said notation is signed by Family Support Magistrate Frankel and dated July 14, 1992. (See JD-FM-128 form in court file.) This order is subject to the approval of a judge of the superior court pursuant to Conn. Gen. Stats.46b-231(m)(4). Superior Court Judge Edward Karazin approved the order of Family Support Magistrate Frankel on July 22, 1992 effective July 22, 1992. However, said JD-FM-128 contains the notation "- Hand delivered to counsel on 8/21/92 SAB, TAC Scott A. Barton."
The plaintiff has filed to the Superior Court Judicial District of Fairfield at Bridgeport an Appeal From Family Support Magistrate. Said appeal indicates the following dates:
a.) Stamped in Sept. 15 12:10 P.M. '92
b.) Receipt dated 9/15/92 T 12:20
c.) Appeal Petition dated September 3, 1992
 d.) Certification of Service re Appeal Petition dated September 3, 1992.
 e.) Transcript statement dated September 3, 1992, yet certification of service is dated 9/4/92
The defendant has filed a motion to dismiss said appeal pursuant to Connecticut Practice Book 143(1) claiming lack of subject matter jurisdiction because of untimely filing of said CT Page 2339 appeal and/or improper court for review.
Despite the various dates associated with this matter, due process, considered cautiously and circumspectly, dictates that the effective date of the filing of the order herein is August 21, 1992. This finding is applicable only to this case and based only on the facts of this case. Therefore, the plaintiff's appeal is timely, having been filed within 14 days pursuant to 46b-231(n)(2).
However, the court finds that the order appealed from is an order of the superior court, i.e., Judge Karazin. Judge Karazin's act of approval is judicial in nature and not merely ministerial. Judge Karazin must review the information in file including motions, previous decisions and rulings, affidavits, and findings by Family Support Magistrate Frankel. The case of Magish v. Magish, FA86-031-67-04-S J.D. of Hartford-New Britain at Hartford, 1992, Jones, J.) is persuasive.
The appeal of the plaintiff should properly have been taken to the Appellate Court and therefore this court lacks subject matter jurisdiction.
Accordingly, the defendant's motion to dismiss is granted.
JOHN W. MORAN, J.